IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARION R. PENIGAR, | ) | 8:09CV182 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| M. NASS, Officer #(1886), and E. LIMA, Officer #(1940), | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on June 1, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on June 1, 2009, against Officers M. Nass and E. Lima. (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that he "was walking down the street" when Defendants "screeched to a halt," handcuffed him and searched him by reaching into his pockets. (*Id*.) During the search, Defendants discovered marijuana, ticketed Plaintiff for possession and allowed him to leave. (*Id*.) Plaintiff alleges Defendants' actions violated his rights. (*Id*. at CM/ECF p. 2.) Plaintiff seeks monetary damages in the amount of $10,000,000.00. (*Id*.)

### II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must

dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege that Defendants violated his Fourth Amendment rights. "The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quoting *Terry v. Ohio*, 392 U.S. 1, 9 (1968)). However, "Where a police officer has reasonable suspicion that criminal

activity may be afoot, the officer may briefly stop an individual and make reasonable inquiries aimed at confirming or dispelling the suspicion." *United States v. Hughes*, 517 F.3d 1013, 1016 (8th Cir. 2008). An investigatory stop may also be justified if an officer has reasonable suspicion that a crime has previously been committed by an individual. *See United States v. Hensley*, 469 U.S. 221, 229 (1985). In determining whether an officer had a reasonable suspicion of "'legal wrongdoing,' the court must look at the totality of the circumstances, allowing officers to draw on their experience and training." *Hughes*, 517 F.3d at 1016 (citing *Arvizu*, 534 U.S. at 273).

Here, Plaintiff alleges that Defendants stopped and searched him while he was walking on the street. (Filing No. 1 at CM/ECF p. 1.) However, he does not allege that Defendants stopped and searched him without probable cause or without a reasonable suspicion of legal wrongdoing. (*Id*.) Rather, Plaintiff simply alleges that his rights were violated. (*Id*. at CM/ECF p. 2.) Plaintiff's allegations, without more, do not nudge his claims across the line from conceivable to plausible. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint in order to allege facts sufficient to establish a Fourth Amendment claim against Defendants. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's Complaint against Defendants will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **September 17, 2009**, to amend his Complaint to properly allege a claim against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's Complaint will be

dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **September 17, 2009**.

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

August 17, 2009.	BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4